**MTD**
Justin S. Gourley, Esq.
Nevada Bar No.: 11976
5275 South Durango Drive,
Las Vegas, Nevada  89113
Attorneys for Defendant

THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| HAROLD CORREOS and ROSEMARIE CORREOS,<br><br>         Plaintiffs,<br>  vs.<br><br>THE COOPER CASTLE LAW FIRM, LLP,<br><br>         Defendants. | Case No.: 2:13-cv-01229 -JAD-CWH<br><br>**O R D E R** |

### DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT

COMES NOW Defendant THE COOPER CASTLE LAW FIRM, LLP (hereinafter "CCLF") by and through their attorney of record, Justin Gourley, Esq. of The Cooper Castle Law Firm, LLP, and hereby moves this Honorable Court pursuant to Fed. R. Civ. P. 4(m) for an Order dismissing Plaintiff's Complaint in its entirety.

By making such a motion, Defendant specifically preserves and does not waive any defenses that may be available, including those available pursuant to Fed. R. Civ. P. 12, including, but not limited to, lack of subject-matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient process, and failure to join a party under Rule 19. This Motion is based upon the papers and pleadings on file herein, the points and authorities submitted in

F001

support hereof, any exhibits attached hereto, and any such oral argument as the Court may entertain at the time of a hearing that may be set for this matter.

DATED this 25th day of November, 2013.

                    THE COOPER CASTLE LAW FIRM

                    */s/ Justin S. Gourley*
                    Justin S. Gourley, Esq.
                    Nevada Bar No.: 11976
                    5275 South Durango Drive,
                    Las Vegas, Nevada 89113
                    Attorneys for Defendant

F001

# POINTS AND AUTHORITIES

## NATURE OF MOTION

In the present case, Plaintiffs have violated even the most basic of service rules by never serving Defendant with a copy of the Summons and Complaint within the 120 day deadline imposed by Federal Rule of Civil Procedure 4(m). In addition, at *no* point since filing their Complaint over four months ago have Plaintiffs filed a motion to extend the service deadline or attempted to show that good cause exists for failing to serve process within the 120 day deadline. In turn, Plaintiffs' Complaint *must* be dismissed in its entirety.

## ISSUE PRESENTED

I. **PLAINTIFFS' COMPLAINT MUST BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(M) BECAUSE PLAINTIFFS NEVER SERVED DEFENDANT WITH PROCESS WITHIN 120 DAYS OF FILING THE COMPLAINT**

## STATEMENT OF FACTS

On July 11, 2013, Plaintiffs filed their Complaint. On August 1, 2013, Plaintiffs filed their Notice of Lis Pendens. As of the date of this Motion, the Court's docket does not reflect that a Summons in this case was ever requested or issued.

Because Plaintiff's filed their Complaint on July 11, 2013, the last day for Plaintiffs to effectuate proper service on Defendant was approximately November 11, 2013 (pursuant to Fed. R. Civ. P. 4(m)). However, to date Plaintiffs have never served Defendant with process. Subsequently, on November 14, 2013, the Deputy Clerk of the Court issued to Plaintiffs a Notice Regarding Intention to Dismiss Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

. . .

. . .

F001

Given the above, because Plaintiffs have never served Defendant with process within the 120 day deadline imposed by Rule 4(m) and because no good cause exists for Plaintiffs' failure to do so, Plaintiffs' Complaint must be dismissed.

## **LEGAL ARGUMENT**

**I.   PLAINTIFFS' COMPLAINT MUST BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(M) BECAUSE PLAINTIFFS NEVER PROPERLY SERVED DEFENDANT WITH PROCESS WITHIN 120 DAYS OF FILING THE COMPLAINT**

In the present case, Plaintiff's Complaint must be dismissed in its entirety, as the Complaint was never properly served within 120 days after the Complaint was filed. Federal Rule 4 of Civil Procedure 4(m) states, in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice against that defendant[.]

(Emphasis added.)

As set forth above, Plaintiffs filed their Complaint on July 11, 2013. In turn, Plaintiffs had until November 11, 2013, to effectuate proper service of process on Defendant. To date, however, Plaintiffs have failed to do so. Moreover, at no time during the 120 day deadline did Plaintiffs file a motion with the Court showing that good cause exists for extending the 120 day deadline and asking that the deadline be extended.

In turn, Plaintiffs are in violation of Rule 4(m), which requires that the Complaint *must* be dismissed upon Defendant bringing this Motion. In turn, Plaintiffs' Complaint must be dismissed in its entirety.

. . .

. . .

. . .

F001

## CONCLUSION

Based upon the foregoing, Defendant respectfully requests that this Honorable Court dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 4(m).

DATED this 25th day of November, 2013.

THE COOPER CASTLE LAW FIRM

 /s/ Justin S. Gourley
Justin S. Gourley, Esq.
Nevada Bar No.: 11976
5275 South Durango Drive,
Las Vegas, Nevada  89113
Attorneys for Defendant

## O R D E R

Good cause appearing and as Plaintiff has filed no opposition to this Motion to dismiss or effected service of the summons and complaint upon defendant within the statutory period, *see* FRCP 4(m),

**IT IS HEREBY ORDERED** that the Motion to dismiss [#6] is GRANTED; this action is DISMISSED without prejudice and the Notice of Lis Pendens is hereby expunged.

Dated:  January 10, 2014.

_____
UNITED STATES DISTRICT JUDGE

F001